UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO,           *
ANTHONY PIROZZI, DOMINICK MARROCCO, *
ANTHONY D'AQUILA,  FRANK FINKEL,            *
JOSEPH FERRARA, SR., MARC HERBST,           *
THOMAS PIALI, and DENISE RICHARDSON,        *
as Trustees and Fiduciaries of the Local 282  *
Welfare, Pension, Annuity, Job Training, and   *
Vacation and Sick Leave Trust Funds,           *
                                               *
                    Plaintiff                  *
                                               *
        -against -                             *
                                               *
V.N.A. UTILITY CONTRACTING CO., INC.           *
                                               *
                    Defendant.                 *

-------------------------------------------------------------------x

SECOND
AMENDED
COMPLAINT
08-CV-5181(LDW)(WDW)

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282

Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the

"Funds"), by their attorneys, Friedman & Wolf, allege as follows:

INTRODUCTION

1.      The Trustees bring this action to compel Defendant V.N.A. Utility

Contracting Co., Inc. ("Defendant") to produce books and records of its affiliate for audit and,

should the audit reveal contributions due and owing, to collect delinquent contributions, interest,

and liquidated damages.

2.      The Trustees further bring this action to obtain a judgment for unpaid and

delinquent contributions found in an audit of Defendant's books and records, along with interest,

additional interest, costs and attorneys' fees pursuant to provisions of the Employee Retirement

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001, et seq.

3.     In bringing this action, the Trustees are enforcing the terms of the Trust

Agreement governing the Funds, as well as the collective bargaining agreement between

Defendant and Teamsters Local 282 ("Local 282"), affiliated with the International Brotherhood

of Teamsters.  This action is based on provisions of the Employee Retirement Income Security

Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, Plaintiffs invoke

Sections 502(a)(3) and 502(g) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g), in that they seek

to enforce terms of the Trust Agreement, and to prevent violations of Sections 209(a) and 515 of

ERISA, 29 U.S.C. §§ 1059(a) and 1145.

<u>JURISDICTION AND VENUE</u>

4.     This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29

U.S.C. § 1132(e)(1).

5.     This Court is one of proper venue, pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. § 1132(e)(2), since Defendant in this action has its principal place of business

within this District.

<u>PARTIES</u>

6.     The Funds are employee benefit plans within the meaning of Section 3(3)

of ERISA, 29 U.S.C. § 1002(3).  They were established pursuant to the terms of various

collective bargaining agreements between Local 282, which is a labor organization representing

employees in an industry affecting commerce, and various employers who are required to make

contributions to the Funds on behalf of their employees covered by the collective bargaining

agreements.  The Funds provide various pension, health and welfare, annuity, job training and

vacation and sick leave benefits to covered employees, retirees, and their dependents.  The Funds

are operated pursuant to the terms of the Trust Agreement.

104569

7.      The Funds' principal office is located at 2500 Marcus Avenue, Lake Success, within the County of Nassau, New York.

8.      Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Anthony D'Aquila, Frank Finkel, Joseph Ferrara, Sr., Marc Herbst, Thomas Piali and Denise Richardson are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are Fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9.      Defendant is a New York company that maintains its principal place of business at 1037 61st Street, Brooklyn, NY 11219.

## FIRST CAUSE OF ACTION:
## FOR CONTRIBUTIONS FOUND OWING PURSUANT TO AUDIT OF DEFENDANT

10.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 9 as if the same were fully set forth herein.

11.     Defendant has entered into, is a signatory to, and is bound by the General Contractors' Association of New York, Inc. New York City Heavy Construction & Excavating Contract (the "CBA") with Local 282, effective for at least the period from July 1, 2006 through June 30, 2009. This collective bargaining agreement incorporates by reference the Trust Agreement governing the funds in Sections 5 and 13 (G), and Defendant is bound to the provisions of the Trust Agreement.

12.     Defendant has employed an average of four employees who have worked in employment covered by the CBA.

13.     Article IX (1)(d) of the Trust Agreement provides that "[t]he trustees [of the Funds] may at any time audit the pertinent books and records of any Employer in connection with" such employer's contributions to the Funds. Article IX(1)(f) of the Trust Agreement

3

104569

provides that if an employer "fails to submit the pertinent books and records for audit within 20 days after written demand, such failure shall be a material breach of the Trust Agreement."

14.    Under Article IX (1)(d) of the Trust Agreement, "pertinent books and records" include, but are not limited to, the following types of records: (1) payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record; (2) payroll tax records submitted to federal and state governments, including Form 941 and W-2; (3) complete business income tax returns; (4) cash disbursement records; (5) general ledgers; (6) records relating to the hiring of trucks, including equipment vouchers, invoices, and payment records; (7) records of affiliated companies; and (8) any other records specifically requested by the Funds' auditors, including the classification of Employees, their Social Security numbers, and the amount of wages paid and hours worked.

15.    Under Article IX (1)(d) of the Trust Agreement, the pertinent books and records of any Employer "include the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either (1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or (2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. 1301(b)(1) for withdrawal liability purposes, which includes the Employer."

16.    Article VIII(3) of the Trust Agreement provides that the construction of the terms of the Agreement by the Trustees is binding upon employers.

17.    Defendant has submitted or has been obligated to submit remittance reports to the Funds. These remittance reports state the hours worked by employees in covered

104569

employment and the amounts to be paid into the Funds based on hours worked and/or paid, in order to provide health and welfare, pension, annuity, legal services, and job training to Defendant's employees.

18.     By letter dated October 7, 2008, the Trustees' auditors notified the Funds that Defendant had failed to respond to their written request that it produce its books and records for the audit period beginning June 1, 2007.

19.     The Trustees referred the matter to the Funds' counsel, which sent Defendant a letter dated October 8, 2008, via first class mail and certified mail, demanding that it submit its books and records within twenty days for an audit for the period beginning June 1, 2007.

20.     After Defendant did not produce its books and records for audit, Plaintiffs filed suit in this matter on December 23, 2008 seeking an audit and any contributions found owing, plus interest, additional interest, costs, and attorneys' fees pursuant to ERISA. Plaintiffs' complaint was subsequently amended on February 18, 2009 to reflect Defendant's name as it appears in New York State Department of State corporate records (changing Defendant's name from "VNA Utility Contracting Co., Inc." to "V.N.A. Utility Contracting Co., Inc.").

21.     After being served with Plaintiffs' Amended Complaint, Defendant consented to an audit of its books and records for the period June 1, 2007 through December 31, 2008.

22.     The audit of Defendant's books and records (Audit #09-0381) disclosed that Defendant owes $13,096.80 in contributions and $3,237.59 in interest to the Funds, for a total of $16,334.39.

104569

23.      Any failure by Defendant to pay contributions to the Funds promptly when due is a violation of the collective bargaining agreements between Defendant and Local 282. In addition, it is a violation of Article IX of the Trust Agreement.

24.      Any failure by Defendant to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement. . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

25.      In enforcing section 515 of ERISA, 29 U.S.C. §1145, Plaintiffs are entitled under the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of eighteen percent (18%) per annum as required by the Trust Agreement; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; reasonable attorney's fees and costs of the action, including the cost of the audit; and such other relief as the Court deems appropriate.

SECOND CAUSE OF ACTION:
FOR AN AUDIT OF DEFENDANT'S AFFILIATE, VNA EXCAVATION CORP.

26.      Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 25 as if the same were fully set forth herein.

27.      Upon information and belief, the audit of Defendant's books and records revealed the existence of an affiliate company, VNA Excavation Corp. ("VNA Excavation").

28.      Upon information and belief, VNA Excavation Corp. is located at 1021 61st Street, Brooklyn, New York, 11219.

6

104569

29.     Upon information and belief, Defendant's principals and co-owners, each holding fifty percent of Defendant, were Anthony Naccarato and Bruno Coccimiglio.

30.     Upon information and belief, Bruno Coccimiglio is now deceased, and his estate holds a fifty percent interest in Defendant.

31.     Upon information and belief, Rosario Coccimiglio works for Defendant.

32.     Upon information and belief, Rosario Coccimiglio is a relative of Bruce Coccimiglio.

33.     Upon information and belief, Anthony Naccarato continues to hold a fifty percent interest in Defendant and serve as Defendant's principal.

34.     Upon information and belief, Anthony Coccimiglio is Bruno Coccimiglio's son.

35.     Upon information and belief, Anthony Coccimiglio is the principal of VNA Excavation Corp.

36.     Upon information and belief, during the audit of Defendant, the Funds' auditor found payments from Defendant to four realty corporations: 1021 Realty Corp., 1033 Realty Corp., 1041 Realty Corp., and 1069-71 Realty Corp.

37.     Upon information and belief, these realty corporations are owned by the wives of Anthony Naccarato and Bruce Coccimiglio.

38.     Upon information and belief, the Funds' auditor found that one of the realty corporations, 1021 Realty Corp., shares the address 1021 61st Street, Brooklyn, New York, 11219, with VNA Excavation Corp.

104569

39.     Upon information and belief, the Funds' auditor found that the payments made by Defendant to 1021 Realty Corp. were in the same amounts that the realty company was showing as income on its tax returns.

40.     Upon information and belief, VNA Excavation Corp. does not pay rent to 1021 Realty Corp.

41.     Upon information and belief, at all times relevant to this action, employee(s) of both VNA Excavation and Defendant performed the same type of work, covered under Defendant's collective bargaining agreements with Local 282.

42.     Upon information and belief, in the alternative, VNA Excavation and Defendant were under "common control," as that term is used in 29 U.S.C.§ 1301(b)(1) for purposes of withdrawal liability, during the material time period.

43.     On June 18, 2009, the Funds' counsel wrote Defendant a letter demanding access to the books and records of VNA Excavation Corp.

44.     To date, Defendant has not produced the records.

45.     The failure and refusal of Defendant to provide the Trustees' auditors with all of the requested books and records of its affiliate violates the terms of the CBA with Local 282 and the Trust Agreement, which require employers to submit books and records of affiliated companies in response to the Trustees' demand for audit.

46.     The refusal and failure of Defendant to provide the Trustees' auditors with all of the pertinent books and records of its affiliate also violates Section 209 (a) of ERISA, 29 U.S.C. § 1059 (a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such

8

104569

employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

47.     The refusal and failure of Defendant to provide the Trustees' auditors with all of the pertinent books and records of its affiliate in connection with its obligation to pay contributions to the Funds also violates Article IX of the Trust Agreement, and Section 515 of ERISA, 29 U.S.C. §1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement. . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

48.     In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to "attorney's fees and all costs and disbursements" connected with such an action, pursuant to Article IX(1)(f) of the Trust Agreement.

49.     As a result of Defendant's conduct in violation of the Trust Agreement, the collective bargaining agreements, and ERISA, Plaintiffs are entitled to an Order (1) directing Defendant to present the books and records of its affiliate VNA Excavation to the Trustees' auditors for examination for the period June 1, 2007 through December 31, 2008, and (2) awarding the Trustees all costs and disbursements of this lawsuit, including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION: FOR CONTRIBUTIONS FOUND OWING PURSUANT TO AUDIT OF AFFILIATE VNA EXCAVATION CORP.

50.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 49 as if the same were fully set forth herein.

104569

51.     In the event that Defendant's affiliate VNA Excavation provides the Trustees' auditors with all of the pertinent books and records, and the audit reveals contributions due and owing for covered work, such contributions are due to Plaintiffs as unpaid contributions for covered work performed under the Trust Agreement, the applicable collective bargaining agreements, and ERISA.

52.     Any failure by Defendant to pay contributions to the Funds for covered work promptly when due is a violation of the collective bargaining agreements between Defendant and Local 282. In addition, it is a violation of Article IX of the Trust Agreement.

53.     Any failure by Defendant to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement. . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

54.     In enforcing section 515 of ERISA, 29 U.S.C. §1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of eighteen percent (18%) per annum as required by the Trust Agreement; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; reasonable attorney's fees and costs of the action; and such other relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

104569

A.    On the First Cause of Action:

(1)    Unpaid contributions in the amount of $13,096.80 found to be due and owing pursuant to the audit of Defendant;

(2)    Interest on the unpaid contributions in the amount of $3,237.59 as found pursuant to the audit of Defendant;

(3)    An amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent of the unpaid contributions, pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2)(C) of ERISA;

(4)    Reasonable attorneys' fees and costs of the action;

(5)    Such other and further equitable relief as this Court deems appropriate.

B.    On the Second Cause of Action:

(1)    An order directing Defendant to present the requested pertinent books and records of its affiliate for the period from June 1, 2007 through December 31, 2008 to the Trustees' auditors within thirty (30) days for examination;

(2)    All costs and disbursements of this suit, including reasonable attorneys' fees;

(3)    Such other and further equitable relief as this Court deems appropriate.

C.    On the Third Cause of Action:

.    (1)    The amount of contributions found to be due and owing for covered work, as revealed by the audit of Defendant's affiliate, VNA Excavation Corp.;

(2)    Interest on the unpaid contributions;

(3)    An amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent of the unpaid contributions;

(4)    Reasonable attorneys' fees and costs of the action;

104569

(5)     Such other and further equitable relief as this Court deems appropriate.


Dated: September 18, 2009
      New York, New York

FRIEDMAN & WOLF

By: _____
     Michael Bauman (MB-9118)
     Erin V. McGee (EM-3947)
     1500 Broadway, Suite 2300
     New York, New York 10036
     (212) 354-4500

     Attorneys for Plaintiffs

12

104569