MASTROPIETRO-FRADE, LLC
John P. Mastropietro, Esq. (JM 7248 )
*Attorneys for Defendant*
111 Broadway - Suite 1403
New York, New York 10006
(212) 943-9079
(212) 943-9218

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMIMICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, SR., MARC HERBST,
THOMAS PIALI, and DENISE RICHARDSON,
As Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,                    Case No. 08cv5181

                                Plaintiff,        **ANSWER TO PLAINTIFFS'**
                                                              **SECOND AMENDED COMPLAINT**
      -against-

V.N.A. UTILITY CONTRACTING CO., INC.

                                Defendant.
------------------------------------------------------------------------------X

        Defendant V.N.A. Utility Contracting Co., Inc., by and through its attorneys, Mastropietro-Frade, LLC, as and for its Answer to plaintiffs' Second Amended Complaint, sets forth the following:

        1.     Denies each and every allegation set forth in Paragraphs "1", "11", "13", "14", "16", "23", "45" and "52" of the Second Amended Complaint and respectfully refers the Court to the Agreements referenced therein for its true terms, meaning and effect.

        2.     Denies each and every allegation set forth in Paragraph "2" of the Second Amended Complaint and respectfully refers the Court to the ERISA Act of 1974, as amended 29 U.S.C. §§ 1001 referenced therein for its true terms, meaning and effect.

        3.     Denies each and every allegation set forth in Paragraph "3" of the Second Amended Complaint and respectfully refers the Court to the ERISA Act of 1974, as amended 29 U.S.C. §§

1001, Section 502(a)(3) and 502(g) of ERISA, 29 U.S.C. § 1132(a)(3) and 1132(g), Sections 209(a) and 515 of ERISA, 29 U.S.C. §§ 1059(a) and 1145, the Trust Agreement and the collective bargaining agreements referenced therein for their true terms, meaning and effect.

4. Neither admits nor denies the allegations set forth in Paragraphs "4" and "5" of the Second Amended Complaint.

5. Denies each and every allegation set forth in Paragraph "6" of the Second Amended Complaint and respectfully refers the Court to sections 3(3) of ERISA, 29 U.S.C. §§ 1002(3) and the Trust Agreement and collective bargaining agreements referenced therein for their true terms, meaning and effect.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "7", "8", "27", "28" and "35" through "41" of the Second Amended Complaint.

7. Admits the allegations set forth in Paragraphs "9", "21", "29" through "34" and "43" of the Second Amended Complaint.

8. Denies each and every allegation set forth in Paragraphs "12", "17" through "19", "22" and "44" of the Second Amended Complaint.

9. Denies each and every allegation set forth in Paragraphs "15" of the Second Amended Complaint and respectfully refers the Court to 29 U.S.C. §§ 1301(b)(1) and the Trust Agreement referenced therein for their true terms, meaning and effect.

10. Denies each and every allegation set forth in Paragraph "20" of the Second Amended Complaint and respectfully refers the Court to the Amended Complaint referenced therein for its true terms, meaning and effect.

11. Denies each and every allegation set forth in Paragraphs "24" and "53" of the Second Amended Complaint and respectfully refers the Court to Section 515 of ERISA 29 U.S.C. §§ 1145 referenced therein for its true terms, meaning and effect.

12. Denies each and every allegation set forth in Paragraphs "25" and "54" of the Second Amended Complaint and respectfully refers the Court to Section 515 of ERISA 29 U.S.C. §§ 1145 and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) referenced therein for their true terms, meaning and effect.

13. Denies each and every allegation set forth in Paragraph "42" of the Second Amended Complaint and respectfully refers the Court to 29 U.S.C. §§ 1301(b)(1) referenced therein for its true terms, meaning and effect.

14. Denies each and every allegation set forth in Paragraph "46" of the Second Amended Complaint and respectfully refers the Court to Sections 209(a), 29 U.S.C. §§ 1059(a) and Section 107 of ERISA, 29 U.S.C. § 1027 referenced therein for their true terms, meaning and effect.

15. Denies each and every allegation set forth in Paragraph "47" of the Second Amended Complaint and respectfully refers the Court to Section 515 of ERISA 29 U.S.C. §§ 1145 and the Trust Agreement referenced therein for their true terms, meaning and effect.

16. Denies each and every allegation set forth in Paragraph "48" of the Second Amended Complaint and respectfully refers the Court to the Trust Agreement referenced therein for its true terms, meaning and effect.

17. Denies each and every allegation set forth in Paragraphs "49" and "51" of the Second Amended Complaint and respectfully refers the Court to ERISA, the Trust Agreement and collective bargaining agreements referenced therein for their true terms, meaning and effect.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The Second Amended Complaint fails to state a claim on which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. At times relevant to this action, defendant was not a party to a collective bargaining agreement with plaintiffs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Certain of the plaintiffs' funds are not jointly administered benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).  Accordingly, ERISA does not apply to those funds, and plaintiffs have no standing to bring a claim on their behalf.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Plaintiffs are seeking payment for categories of work not covered by the relevant agreement.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     The alleged employees for whom plaintiffs claim benefit payments were not members of the Union, were not participants of the relevant benefit funds, and did not perform work that was within the coverage of the agreement in question.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     The claims asserted against the defendant in the Second Amended Complaint are barred by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     The Court lacks subject matter jurisdiction over certain claims insofar as the relevant agreement contains a provision mandating arbitration of all disputes between the parties arising out of the agreement.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     Defendant V.N.A. Utility Contracting Co., Inc. is not an employer within the meaning of ERISA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiffs' claims, in whole or in part, are time-barred by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. The plaintiffs assert causes of action and/or seek relief that is not provided for and/or which they are not entitled to receive under the Employee Retirement Income Security Act, 29 U.S.C. Section 1001, et. seq., and the Taft-Hartley Act.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs failed to exhaust all administrative remedies as required under the subject agreement and/or ERISA and/or LMRA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29. Non-Party VNA Excavation Corp. is not a party to the collective bargaining agreement with plaintiffs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30. Plaintiffs do not have jurisdiction over non-party VNA Excavation Corp.

WHEREFORE, defendant V.N.K. Utility Contracting Co., Inc. demands judgment dismissing the Second Amended Complaint.

MASTROPIETRO-FRADE, LLC
*Attorneys for Defendant*
*V.N.A. Utility Contracting Co., Inc.*

By: _____
John P. Mastropietro (JM 7248)
111 Broadway - Suite 1403
New York, New York 10006
(212) 943-9079

5